**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4677**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　v.

BENJAMIN FRANKLIN WALL, III,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:15-cr-00201-CCE-1)

Submitted:  May 24, 2016　　　　　　　　Decided:  June 14, 2016

Before WILKINSON, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North
Carolina, for Appellant.  Clifton Thomas Barrett, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Franklin Wall, III, appeals his sentence of 87 months of imprisonment following his plea of guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal. We affirm.

A guilty plea is valid where the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." United States v. Fisher, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).*

Because Wall neither raised an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. United

---

* In the Anders brief, counsel for Wall states that a waiver of appellate rights, contained in the plea agreement, is valid, but asks this court to assess its validity. Because the Government has not invoked the waiver, however, we need not do so, instead conducting our full review under Anders without applying the waiver. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

2

States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014).  Our review of the record reveals that the district court fully complied with Rule 11 in accepting Wall's guilty plea after a thorough hearing. Accordingly, we conclude that his plea was knowing and voluntary, Fisher, 711 F.3d at 464, and thus "final and binding," United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review Wall's sentence for reasonableness "under a deferential abuse-of-discretion standard."  United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)).  This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence.  Gall, 552 U.S. at 51.  We presume that a sentence imposed within the properly calculated Sentencing Guidelines range is reasonable.  United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

We have reviewed the record and conclude that the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3353(a) (2012) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence.  Furthermore, Wall's sentence of 87 months fell within the range recommended by the Guidelines.  Therefore, we conclude that Wall's sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Wall's conviction and sentence. This court requires that counsel inform Wall, in writing, of the right to petition the Supreme Court of the United States for further review. If Wall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wall.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>